IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUNGCHUL CHOI, A# 201 314 043,<br><br>  812 North River Road, Apt. 2C<br>  Mount Prospect, IL 60056<br><br>And,<br><br>HEEWON JO, A# 201 314 044,<br><br>  812 North River Road, Apt. 2C<br>  Mount Prospect, IL 60056<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536<br><br>CHAD WOLF, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528 | Case No. 1:20-cv-02009 |

KENNETH CUCCINELLI, Director of the United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration Services
425 I. Street, N.W., Room 6100
Washington, D.C. 20536

and,

KEVIN J. RIDDLE, Director of the Chicago Field Office of the United States Citizenship and Immigration Services,

Serve:  Kevin J. Riddle
USCIS
101 West Ida B. Wells Drive
Chicago, IL 60605

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

Plaintiffs Jungchul Choi and Heewon Jo respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

## PARTIES

1. Plaintiffs Jungchul Choi and Heewon Jo are citizens of Republic of Korea.

2. Plaintiff Jungchul Choi is Plaintiff Heewon Jo's spouse.

3. On August 31, 2018, Jungchul Choi's employer filed an I-140 Petition for Alien Worker on behalf of Mr. Choi.

2

4. Defendants approved the I-140 Petition on October 29, 2018. This approval rendered Plaintiff Jungchul Choi eligible to adjust status and add Plaintiff Heewon Jo as a derivative beneficiary in his application to adjust status.

5. Plaintiffs filed a timely I-485 Application for Adjustment of Status on August 31, 2018. Defendants assigned Receipt Number LIN1824251128 to Plaintiff Jungchul Choi's application, and Receipt Number LIN1824251141 to Plaintiff Heewon Jo's application.

6. USCIS completed the fingerprinting and photographing of Jungchul Choi and Heewon Jo as part of the processing of the pending application.

7. Since then, the Defendants have taken no action on the pending green card application. The Defendants have refused and continue to refuse to conduct an interview on the case.

8. Since Jungchul Choi and Heewon Jo filed the applications with USCIS, Plaintiffs have made repeated requests to have the green card case finally adjudicated.

9. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Jungchul Choi and and Heewon Jo's application to adjust status has remained pending far longer than is reasonable.

10. USCIS has refused to adjudicate Jungchul Choi and Heewon Jo's application in accordance with applicable legal criteria.

11. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

12. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the USCIS with background and security checks.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

14. Defendant Chad Wolf, the Secretary of the DHS, is the highest ranking official within the DHS. Wolf, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Wolf is sued in an official capacity as an agent of the government of the United States.

15. Defendant Kenneth Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS. Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cuccinelli is sued in an official capacity as an agent of the government of the United States.

16. Defendant Kevin J. Riddle is the Director of the USCIS Chicago Field Office and is sued only in an official capacity, as well as any successors and assigns. The Chicago Field Office has jurisdiction over applications for adjustment of status for immigrants in Mount Prospect, IL, where Plaintiff resides. Riddle is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Kevin J. Riddle is sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

17. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

18. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

### FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

19. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. Plaintiffs allege that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

23. The combined delay and failure to act on Jungchul Choi and Heewon Jo's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

24. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

25. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

26. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Jungchul Choi and Heewon Jo request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Jungchul Choi and Heewon Jo's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Jungchul Choi and Heewon Jo's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Jungchul Choi and Heewon Jo;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**July 22, 2020**

***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**
**JUNGCHUL CHOI AND HEEWON JO**